**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**


**FRANK JEFFREY BLACK**                                        **PETITIONER**
**REG. #07980-078**


**VS.**                          **CASE NO. 2:06CV00048 JLH/HDY**


**LINDA SANDERS, WARDEN,**
**FCI FORREST CITY, ARKANSAS**                          **RESPONDENT**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**


The following recommended disposition has been sent to United States District Court Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Frank Jeffrey Black, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241.  He challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served.

In his petition he recites that he entered a guilty plea to the charge of conspiracy to manufacture methamphetamine and was sentenced in the United States District Court, Eastern District of Texas, to 100 months of imprisonment.  Mr. Black was sentenced on August 30, 2000. He claims this sentence is being improperly executed because he is not being credited with time he served on a state sentence that was to run concurrent with the federal term of imprisonment.  He

notes that his co-defendant received the same time credit that he was denied under identical circumstances.

The history of the case is helpful in understanding the claim.  The following summary is taken from an appeal of the warden's decision regarding Mr. Black's grievance, attached as Exhibit B to the petition for writ of habeas corpus (Docket entry no. 1):

> Investigation reveals you were originally arrested by state of Texas law enforcement officials on September 15, 1999.  You were transferred to the custody of the United States Marshals Service (USMS) on the basis of a Writ of Habeas Corpus Ad Prosequendum.  On August 30, 2000, you were sentenced in the Eastern District of Texas to a 100-month term of imprisonment for Conspiracy to Manufacture Methamphetamine.  After sentencing, you were returned to state custody.  On September 13, 2000, your parole was revoked for a sentence imposed in 1993 for Burglary of a Vehicle.  In addition, you were sentenced on October 3, 2000, to five years incarceration for Manufacture and Possession of a Controlled Substance.  This sentence was ordered to be served concurrently with your violator term.  You paroled from your state sentences on September 24, 2004, and released to the custody of the USMS to serve your federal sentence.

The respondent does not contest the petitioner's assertion that he has exhausted his available administrative remedies.  The petitioner's final effort in the administrative process was the filing of a Regional Administrative Remedy Appeal on June 29, 2005.  The Bureau of Prisons ("BOP") deemed this to be a request for a *nunc pro tunc* designation which would allow his federal sentence to be served concurrently with his Texas sentence.  On July 25, 2005, the BOP's Regional Director submitted a letter to United States District Judge T. John Ward, inquiring as to whether the federal court intended that the federal sentence run concurrent with the state sentence.  The sentencing judge did not respond to the inquiry.  In the absence of any input from the sentencing judge, the BOP denied the petitioner's request in a letter dated October 11, 2005.  The respondent advises the Court that the BOP's decision could be changed if the sentencing judge were to clarify that the intent was

to run the federal sentence concurrent to the Texas sentence.  Absent such clarification, the respondent urges that the computation of the sentence is correct, and the petition for habeas corpus relief should be denied.

Attached as exhibits to the petition for writ of habeas corpus are the responses of BOP's Regional Director Ronald G. Thompson to the requests of Mr. Black and his co-defendant, Gerry D. Brigman.  The responses to both requests cite *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), 18 U.S.C. § 3621, and BOP Program Statement 5160.05, as the authorities relied upon.  The factual scenarios of Mr. Black and Mr. Brigman appear very similar.  Yet, the request of Mr. Black to deem his federal sentence concurrent with his state sentence is denied, and the request of Mr. Brigman is granted.  Due to the apparent discrepancy in results, the Court directed the respondent to submit an additional pleading.  The respondent has done so, filing the pleading under seal.

The record before the Court shows no dispute over the policies and statutes to be applied. The petitioner simply disagrees with the ultimate decision reached in his case.  The BOP's Program Statement 5160.05, entitled "Designation of State Institution for Service of Federal Sentence," attached as an exhibit to the response (docket entry no. 7), guides the prison officials in resolving Mr. Black's issue.  The Program Statement, in relevant part, provides:

> State institutions will be designated for concurrent service of a federal sentence when it is *consistent with the intent of the federal sentencing court* or with the goals of the criminal justice system . . .

> Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence.  *When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively* . . .

A designation for concurrent service of sentence will be made only when it is *consistent with the intent of the federal sentencing court* or the goals of the criminal justice system. . .

Exceptions to the general rules regarding concurrent designation may be based on the merits of a particular case.

Information reviewed will include:
        inmate discipline history,
        institutional adjustment,
        recommendations of the Wardens at the state and federal institutions,
        the recommendation of the prosecuting Assistant U.S. Attorney,
        intent of the federal sentencing court, if available, and
        any other pertinent information regarding the inmate. . .

**Inmate Request**.  Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990) the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.

In *Barden*, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences/

However, there is no obligation under *Barden* for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution.  Information will be gathered, if available, to include:
        a copy of the federal and state J & Cs,
        the state sentence data record to include jail credit, and
        any other pertinent information relating to the federal and state sentences.

In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will

receive a courtesy copy.

If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(Emphasis added).

In this instance, there is no allegation that the decision was based upon erroneous standards or that the proper guidelines were ignored. Rather, the petitioner alleges the wrong result was reached. In particular, he notes that a co-defendant received the relief which Mr. Black seeks – the *nunc pro tunc* designation that his state and federal sentences were concurrent. The co-defendant, however, benefitted from the sentencing federal judge's intervention. Sentencing Judge T. John Ward specifically ordered that the co-defendant's federal term was intended to run concurrently with the state sentence. See attachment 2 to respondent's Response to April 17, 2006 Order (filed under seal). Judge Ward's silence in this case, coupled with the order entered in the co-defendant's case, distinguishes the circumstances of the two cases. In addition, the relevant Program Statement, cited above, clearly values the intentions of the sentencing judge.

In summary, this Court does not act as an appellate reviewer of the decisions rendered by the BOP. The petitioner bears the burden of showing more than a disagreement with the decision of the prison officials. Mr. Black has not shown any constitutional violation in applying the relevant rules, nor has he shown that other rules or statutes should have governed the decision. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this _2__ day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE